IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAULA KAY HANSON                                                                                          PLAINTIFF

v.                                    CIVIL NO. 2:25-cv-02043-TLB-MEF

FRANK BISIGNANO, Commissioner[1]
Social Security Administration                                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Paula Hanson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits. (ECF No. 2). This matter is presently before the undersigned for report and recommendation.

In lieu of an answer, the Commissioner filed the Social Security Transcript on July 21, 2025, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (ECF No. 8). *See* FED. R. CIV. P. SUPP SS RULE 4. On September 16, 2025, having changed positions, the Commissioner filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) to conduct further administrative proceedings. (ECF Nos. 14, 15).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new,

---

[1] Frank Bisignano was sworn in to serve as Commissioner of the Social Security Administration on May 7, 2025, and in his official capacity is substituted as defendant. *See* Fed. R. Civ. P. 25(d).

material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993). The Supreme Court has held that a remand for further administrative proceedings, such as the remand requested here, is a sentence four remand within the meaning of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Accordingly, the undersigned recommends that Defendant's Unopposed Motion to Remand be granted, and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of September 2024.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE